IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIAM FIGUEROA                                                                                       PLAINTIFF

v.                                      Case No. 4:22-cv-04012

WARDEN TINA MAXWELL and
WARDEN J. MINORS                                                                                    DEFENDANTS

## ORDER

Plaintiff, William Figueroa, filed this 42 U.S.C. § 1983 action *pro se* on February 9, 2022. (ECF No. 1). However, Plaintiff's application to proceed *in forma pauperis* ("IFP") was incomplete. (ECF No. 2). Before the Court is Plaintiff's failure to comply with orders of the Court.

On February 9, 2022, the Court ordered Plaintiff to submit a completed IFP application by March 2, 2022. (ECF No. 3). Specifically, the Order directed Plaintiff to either return a completed certificate of account or pay the $350 filing fee and $52 administrative fee. The Order also informed Plaintiff that failure to comply would result in the case being dismissed without prejudice. Plaintiff did not respond, and the order directing him to do so has not been returned as undeliverable.

On March 3, 2022, the Court entered an order directing Plaintiff to show cause by March 17, 2022, as to why he failed to comply with the Court's order directing him to file a completed IFP application. (ECF No. 5). This order also informed Plaintiff that failure to comply would result in the case being dismissed. To date, Plaintiff has not responded to the show cause order, and it has not been returned to the Court as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir.

1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey two orders of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed.

Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**, this 4th day of April, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge